IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**

       vs.                                       Case No. **20-cr-00369-SAG-2**

**Idowu Ademola Raji**

\*\*\*\*\*\*

## MEMORANDUM AND ORDER

     Defendant is the subject of a multi-count fraud indictment. (ECF No. 1.) On November 18, 2020, after a detention hearing, this Court detained Defendant as a flight risk, concluding, in summary, that Defendant had the "motive, means and contacts" to flee and assume another identity either in the United States or abroad. (ECF No. 37.) The Court further indicated that it would entertain a motion for reconsideration should the Defendant find a strong third-party custodian and be able to pledge significant assets to assure appearance. *Id.*

     On December 2, 2020, Defendant filed a motion for reconsideration. (ECF No. 36.) As part of that motion, Defendant did not identify a strong third-party custodian, an ability to pledge significant assets, or otherwise satisfy 18 U.S.C 3142(f)(2)(B), and the motion was denied. (ECF No. 39.)

     On December 21, 2020, Defendant filed a second motion for reconsideration, re-proposing the originally offered third-party custodian, and asserting that a close family friend in Maryland was willing to pledge significant property. (ECF No. 51.) This Court scheduled a hearing, indicating that the third-party custodian should appear, as well as the proposed pledgor, who should be prepared to prove the amount of equity in the proposed property. (ECF No. 52.) Defendant withdrew his request prior to the hearing, as the pledgor was apparently no longer willing to pledge the property. (ECF No. 55.)

     On February 19, 2021, Defendant filed another motion for reconsideration, describing another close family friend who was willing to pledge property in Texas to secure Defendant's appearance. (ECF No 57.) Defendant included a tax appraisal of the property, although Defendant did not indicate whether there was a mortgage or other encumbrance on the property. Additionally, Defendant re-proposed the same third-party custodian, his 25-year old girlfriend. *Id.*

     On February 22, 2021, the Government filed its Opposition, arguing both that the Defendant's girlfriend (with whom he was having a relationship at the time of the alleged activity) was not a "strong" third-party custodian as required by the Court and, as importantly, that the property in question was subject to a mortgage company lien that exceeded the appraised value, such that there was effectively no equity in the property. (ECF No. 58 at 2-3.)

On March 4, 2021, Defendant filed a Reply which attached a recent mortgage statement for the property to be pledged, setting forth the current outstanding mortgage amount. (ECF No. 59.) Defendant correctly points out that, when comparing the property's appraised value for property tax purposes with the current outstanding indebtedness demonstrated on the mortgage statement, there is positive equity in the property in the amount of $6,950.78.

Pretrial Services has not changed its assessment that the proposed third-party custodian is not "strong" given her relatively young age and the fact that she was apparently unable to detect Defendant's allegedly fraudulent activity prior to his arrest. Additionally, although the proposed property has positive equity in the amount of approximately $7000, that does not amount to the "significant assets" envisioned by the Court in its earlier guidance.

Accordingly, Defendant's motion (ECF No. 57) is **DENIED**.

3/4/2021
Date

J. Mark Coulson
United States Magistrate Judge

