# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | |
| **IDOWU ADEMOLA RAJI,** | * | Criminal No. SAG-20-0369 |
| Defendant. | * | |

## MEMORANDUM OPINION

Idowu Ademola Raji, who is presently in Bureau of Prisons ("BOP") custody serving a sentence of 94 months' incarceration, filed a Motion for Compassionate Release. ECF 145. The Government filed an opposition, ECF 151, and Raji filed a reply, which he called a "traverse." ECF 159. Having considered the filings, this Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Raji's Motion will be DENIED.

## I.  FACTUAL BACKGROUND

Raji was convicted of conspiracy to commit access device fraud, access device fraud, and aggravated identity theft. ECF 115. The factual stipulation associated with his plea established his participation in two schemes: the first, a wire fraud conspiracy to trick victims into transferring money to bank accounts opened using false identities, and the second, a scheme to unlawfully obtain unemployment benefits using the identities of real victims. ECF 103. The losses attributable to the first conspiracy exceeded $1.5 million and the second conspiracy exceeded $900,000. *Id.* In July, 2020, Raji committed a separate fraud involving the Paycheck Protection Program ("PPP"). *Id.* In consideration of all of that conduct, and Raji's role in the various schemes, in May, 2022, this Court sentenced Raji to 94 months in the custody of the Bureau of Prisons. ECF 115. Raji has

`

served approximately 31 months to date, as he entered federal custody in November, 2020. Raji now seeks a reduction of his sentence to time served.

## II.     ANALYSIS

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the BOP, the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." *Id*. § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.[1] *Id*. Once a motion is for compassionate release is properly filed, the Court (1) determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and (2) considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### a.  Extraordinary and Compelling Circumstances

To meet the first element for consideration under the First Step Act, then, Raji needs to demonstrate extraordinary and compelling circumstances. Raji suggests a number of reasons: (1) his medical condition and COVID-19 concerns; (2) conditions of his pretrial detention; (3) rehabilitation; (4) disparity in sentencing; and (5) deportation. ECF 145-1. None of those factors

---

[1] The Government does not contest that this administrative prerequisite has been satisfied.

`

individually, or when taken in combination, amounts to extraordinary and compelling circumstances.

Taking each in turn, Raji contends that he presently suffers from asthma and prediabetes, along with long COVID symptoms, which put him at greater risk from further COVID-19 infection. Certainly, an inmate's particularly acute risk of COVID-19 complications has been deemed to be an extraordinary and compelling reason in certain cases, particularly earlier in the pandemic. While Raji does have a "questionable" asthma diagnosis and an albuterol inhaler, ECF 151-1 at 22, his condition appears to be well-controlled and his use of the inhaler is only as needed, not daily, *id*. at 23. Furthermore, although this Court does not doubt that some prediabetic inmates have been awarded compassionate release in various circumstances, prediabetes is not widely recognized as a COVID-19 risk factor, unlike diabetes itself. Raji is generally in good health, engaging in regular workouts of approximately 50 burpees, ECF 151-1 at 9, and playing soccer twice per week, *id.* at 2. Raji has also been vaccinated and boosted against COVID-19, and Paxlovid and other medications are now available to lessen any person's chance of serious illness and death from the virus if contracted. This Court cannot therefore conclude that the pandemic creates an extraordinary and compelling reason warranting further consideration of Raji's release, despite his medical diagnoses.

Raji also argues that the harsh conditions of his pretrial detention warrant a sentencing reduction. Those conditions were known to the Court and were taken into account at the time of Raji's original sentencing in May, 2022. They provide no basis for a further sentencing reduction now, and do not constitute an extraordinary or compelling reason to reduce his sentence.

Third, Raji argues that his sentence "is disproportional to the average sentence for fraud/theft/embezzlement offenses." ECF 145-1 at 17.  Raji's analysis, however, consists solely of

`

a citation to the sentence given to "the average fraudster," with no explication of the facts of the cases. *Id*. Fraud cases come in many shapes and sizes, and factors such as the loss amount, number and vulnerability of victims, and type of fraud schemes can and should have dramatic impact on the sentences received. Thus, simple comparison to an average number is unhelpful and provides no reason for a reduced sentence.

Fourth, Raji argues that his rehabilitation warrants a reduced sentence, citing his participation in BOP programming, his low predicted recidivism score, and his clean record of conduct. ECF 159 at 19-20. Rehabilitation alone is not an extraordinary and compelling reason justifying compassionate release. *See* 28 U.S.C. § 994(t). While this Court commends Raji on the efforts he has made and on his devotion to bettering himself during his period of incarceration, he is evidencing precisely the type of rehabilitation the BOP expects its inmates to undergo. These changes are expected, not extraordinary.

Finally, Raji argues that he poses no danger to the community because he will be deported upon his release. ECF 145-1 at 23-26; ECF 159 at 3. This Court does not view prospective deportation as a factor mitigating either in favor or against release. Of course, courts can grant and have granted compassionate release to persons who will be deported, in appropriate circumstances. But because deportation is uncertain (as is whether a defendant remains outside the confines of this country following deportation), it cannot ensure that a defendant poses no risk to the community. In addition, fraud crimes are readily committed over the Internet and by telephone without regard to international borders.

This Court has considered all of the factors above, both individually and in combination, and has determined that they are not extraordinary and compelling. Specifically, because this Court finds each factor merits no weight, even considering them in combination does not bring them to

`

an "extraordinary and compelling" level. Accordingly, Raji is ineligible for further consideration of compassionate release.[2]

### b. § 3553(a) Factors

Even had Raji established an extraordinary and compelling reason entitling him to further consideration, 18 U.S.C. § 3553(a) prescribes the factors the Court must assess in determining whether it should reduce a defendant's sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 325 (D. Md. 2020); *United States v. Logan*, Crim. No. CCB-10-0203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need . . . to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Of course, these are the same factors this Court considered just over one year ago in deciding which sentence to impose. This Court does not believe any of the factors have changed materially from the time of that analysis. In particular, this Court notes that it gave careful consideration in this case to the relative culpability of the various defendants, selecting sentences that place each defendant in the appropriate place along a sliding scale. An adjustment to Raji's sentence would disturb that intentionally crafted balance. Raji received the longest sentence because he played the most culpable role and participated in the most fraud schemes.

---

[2] In his reply, Raji makes reference to a Supreme Court case that may impact his conviction for aggravated identity theft. ECF 159 at 4. Should he be entitled to any relief on an independent legal basis, that must be addressed by separate motion. It is not relevant to consideration of his compassionate release petition.

`

In total, then, all of the § 3553(a) factors weigh against reducing Raji's sentence, even assuming that he had been able to demonstrate the extraordinary and compelling reason needed to trigger such analysis.

### III. CONCLUSION

In conclusion, after considering all of the relevant factors, this Court concludes that Raji has not established an extraordinary and compelling reason to justify his release, and that even if he had, his current sentence is most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a). Accordingly, Raji's Motion for Compassionate Release, ECF 145, is DENIED.

A separate Order will issue.

DATED: July 10, 2023                    /s/
                                        Stephanie A. Gallagher
                                        United States District Judge