IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| | * |
| v. | *   Crim. Case No.: SAG-20-0369 |
| | * |
| IDOWU RAJI, | * |
| | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In 2022, Petitioner Idowu Raji pleaded guilty to a superseding information charging Conspiracy to Commit Access Device Fraud, Access Device Fraud, and Aggravated Identity Theft in 2022. ECF 102–104. On May 20, 2022, this Court sentenced Mr. Raji to 94 months of incarceration. ECF 114, 115. Mr. Raji filed a motion for compassionate release in 2023, which this Court denied. ECF 176, 177. Mr. Raji has now filed two additional motions seeking a shortened sentence: another motion for compassionate release, ECF 192, and a motion seeking a sentencing reduction pursuant to United States Sentencing Guideline Amendment 821, ECF 187. The government filed an opposition to each motion, ECF 194, 203, 204, and no reply has been filed. No evidentiary hearing is necessary to resolve the issues raised. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Mr. Raji's motions will be denied.[1]

I.   **COMPASSIONATE RELEASE**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), which permits courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239–41 (2018). Whereas previously, any motion

---

[1] The government's motion to seal, ECF 202, will be GRANTED.

for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act authorized defendants to move for a reduction of their sentence on their own behalf. § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion is for compassionate release is properly filed, the Court must (1) determine whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and (2) consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The government contends that Mr. Raji has not adequately exhausted his administrative remedies because he filed his compassionate release motion several weeks before he submitted his formal request to his warden. *See* ECF 203 at 4 n.1, 13. That alone is reason to deny his motion. However, alternatively, this Court also turns to the inquiry described in § 3582(c)(1)(A), beginning with whether Mr. Raji has established any "extraordinary and compelling reason[]" warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t) (2018). In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is at least 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes

incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D) (U.S. SENTENCING COMM'N 2018) (hereinafter "U.S.S.G."). The Fourth Circuit has held that "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020). The relevant policy statement is U.S.S.G. § 1B1.13, entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" (the "Policy Statement"). The Sentencing Commission recently amended that Policy Statement, with the amendments taking effect on November 1, 2023.

Before the November, 2023 amendments, the Policy Statement began with the phrase: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for certain enumerated reasons. U.S.S.G. § 1B1.13 (2021). In *United States v. McCoy*, 981 F.3d 271 (2020), the Fourth Circuit determined that the language in the Policy Statement did not encompass motions filed by defendants themselves, meaning that in connection with such motions district courts were "empowered…to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284.

The November 1, 2023 amendments changed the beginning of the Policy Statement to read: "Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for specified reasons. U.S.S.G. § 1B1.13 (2023) (emphasis added). Thus, the amended Policy Statement is now expressly applicable to defendant-filed motions, like Mr. Raji's.

Along with reiterating certain contentions that this Court rejected in his earlier compassionate release motion (and this Court finds no reason to change its assessment), Mr. Raji

3

argues two new bases amounting to, under the "catch all" provision, the "extraordinary and compelling reason" for his release: (1) his exposure to tuberculosis and (2) "his immigration status and the current administration's directive to swiftly move illegal aliens who have committed crimes back to their country of origin." ECF 192 at 9.

Mr. Raji's medical records confirm that he was treated for latent tuberculosis exposure and was asymptomatic. ECF 203-2. That condition, then, does not make it any more difficult for him to provide self-care in the prison environment.

With respect to his immigration status, the exact nature of Mr. Raji's status is unclear to this Court. The earlier record in this case suggested that Mr. Raji was a conditional legal permanent resident and had applied for citizenship. ECF 139 at 24. Although the current administration has announced policies favoring deportation of illegal immigrants who have committed crimes, there have been no directives or indications that the government supports compassionate release for individuals who may be deportable. Certainly, in Mr. Raji's case, the government is opposing the instant motion. ECF 203. This Court does not believe that general administration policy constitutes, in any respect, an extraordinary and compelling reason supporting compassionate release.

Ultimately, then, after considering Mr. Raji's arguments both individually and in combination, this Court finds no extraordinary and compelling reason to proceed further with its analysis. It therefore need not reach the 18 U.S.C. § 3553(a) factors. This Court notes, however, that any consideration of such factors would end in the same result this Court reached in 2023, which is the same result this Court reached when sentencing Mr. Raji in 2022. The § 3553(a) factors still weigh in favor of Mr. Raji's current sentence, largely because the nature and extent of his fraud pose a grave economic danger to the community.

II.  **821 MOTION**

Amendment 821 to the U.S.S.G., which relates to the calculation of a defendant's criminal history category, authorizes eligible defendants to seek a discretionary sentencing reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The Sentencing Commission has made the relevant provision of Amendment 821 retroactively applicable. Part B of the amendment created a new Guideline benefiting first-time offenders with zero criminal history points ("Zero-Point Offenders") by providing a two-level reduction in their offense level. U.S.S.G. § 4C1.1. Guideline § 1B1.10 permits a district court to reduce a defendant's sentence where the defendant (1) is serving a term of imprisonment and (2) the guidelines range applicable to the defendant "has subsequently been lowered as a result" of a retroactive amendment to the guidelines. But a defendant is ineligible for a sentence reduction if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.*

U.S.S.G. § 4C1.1(a)(10) states that a defendant is only eligible for a zero-point offender reduction if, among other criteria, he "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." Mr. Raji does not contest that he received a two-level adjustment under § 3B.1.1 for his aggravating role as an organizer, manager, or leader of criminal activity. He argues that he remains eligible for the reduction because he did not also engage in a continuing criminal enterprise. But neither the language of the guideline nor courts interpreting the provision agree with Mr. Raji's reading. *See, e.g.*, *United States v. Shaw*, 2024 WL 4824237, at *1 (4th Cir. 2024) (affirming the district court's denial of the reduction where the defendant received a leadership role adjustment); *United States v. Cervantes*, 104 F.4th 944, 946 (7th Cir. 2024) (rejecting Mr. Raji's interpretation of the guideline and affirming the denial of the reduction to a defendant who played an aggravating role); *United*

5

*States v. Morales*, 122 F.4th 590, 592 (5th Cir. 2024) (same). His request for relief pursuant to Amendment 821 therefore must be denied, as he fails to meet all the criteria for a zero-point offender reduction.

For the reasons stated above, both of Mr. Raji's pending motions, ECF 187, 192, will be DENIED by separate order, and the government's motion to seal, ECF 202, will be GRANTED.

**DATED:** August 1, 2025

/s/
Stephanie A. Gallagher
United States District Judge